**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ROBERT E. HOUCK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSIONAL CREDIT SERVICE,<br><br>Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:19-cv-00199<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

**NOW COMES** ROBERT E. HOUCK ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of himself and all other similarly situated, complaining as to the conduct of Professional Credit Service ("Defendant") as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

**JURISDICTION AND VENUE**

2.  Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and maintains significant business contacts in the Southern District of Indiana, Plaintiff resides in the Southern District of Indiana, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

1

**PARTIES**

4.   Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5.   Defendant is a collection agency that is located at 400 International Way, Suite 100, Springfield, Oregon 97477. Defendant is a collection agency whose primary purpose is collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant uses the mail and/or telephone for the principle purpose of collecting defaulted consumer debts from consumers, including consumers in the State of Indiana.

**FACTS SUPPORTING CAUSES OF ACTION**

6.   Prior to the conduct giving rise to this action, Plaintiff defaulted on a balance owed to Consumer Cellular in the amount of $40.99 ("subject debt").

7.   After the subject debt was in default, Defendant acquired the right to collect and/or attempt to collect on the subject debt.

8.   On December 19, 2018, Plaintiff received a dunning letter in the mail from Defendant. *See* Exhibit A, a true and correct copy of the December 19, 2018 dunning letter sent from Defendant to Plaintiff on December 19, 2018.

9.   Defendant's dunning letter lists a "Total Due," of $52.50, which is comprised of the "Principal" totaling $41.99, "Interest" totaling $0.01, and "Referred Interest/Fee" totaling $10.50.

10. Plaintiff was misleadingly led to believe that Defendant had the lawful ability to collect interest and fees, when such right was waived, when no such right existed in the underlying contract, and/or Defendant never intended to collect these additional costs.

11. Defendant's dunning letter was confusing and misleading to Plaintiff.

2

12. All of Defendant's collection actions at issue occurred within the one year preceding the date of the filing of this Complaint.

## DAMAGES

13. Defendant's misleading and unfair conduct has severely impacted Plaintiff's daily life and general well-being.

14. Plaintiff has expended time with his attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

15. Plaintiff has suffered anxiety and mental anguish as he has been led to believe that additional fees would lawfully be added to the subject debt.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action on his own behalf and on behalf of a class action based on the following class:

> All persons within the state of Indiana who received at least one dunning letter during the one year preceding the filing of this action through the date of class certification from Defendant that contained language substantially similar as the dunning letter attached hereto as Exhibit A.

17. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

18. The Class consists of hundreds or more persons throughout the United States, such that joinder of all Class members is impracticable.

19. There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the FDCPA, particularly because these mail communications are the primary collection method employed by Defendant and are based on a common course of conduct by Defendant.

20. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

21. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class action and complex litigation.

22. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant violated the FDCPA by sending dunning letters to Class members using the interest/fee cost language; (ii) whether Defendant had the lawful ability to charge interest and fees costs on a debt previously charged off by the original creditor; (iii) whether Defendant was contractually allowed to collect the interests and fees costs represented in its dunning letter; (iv) whether Defendant intended to add interest and fees costs as represented in its dunning letter; and (v) the type and amount of relief to which the Plaintiff and Class members are entitled.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### PLAINTIFF INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED AGAINST DEFENDANT

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

28. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

29. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

31. Defendant violated 15 U.S.C. §§1692e, e(2), e(5), e(10), and f through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692e

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2);

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendant violated 15 U.S.C. §§ 1692e, e(2), and e(10) through the inclusion of the portion of its dunning letter which provided that the interest, fees, and costs associated with the subject debt totaled $52.50. Defendant's representation that it does charge fees and interest to the consumer falsely represents its ability to do so in the first place. Since the subject debt was charged off and/or the underlying contract does not allow for the collection of these interest or fees, Defendant was precluded from adding these additional charges. Defendant sought to represent to Plaintiff that it had the lawful ability to add these charges. In reality, these charges could not legally be added. Defendant engage in this misleading conduct in an attempt to garner favor with Plaintiff and to further suggest that, in the event resolution with Defendants was not possible, Plaintiff will be subjected to these additional interests and fees. Defendant's conduct was designed to create an artificial sense of urgency in Plaintiff's mind so he would be compelled to make prompt payment.

### b.  Violations of  FDCPA § 1692f

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly suggested that it could collect additional amounts above and beyond the total balance due as represented in its dunning letter. Because Defendant was precluded from adding anything to the balance of the subject consumer debt, the above referenced portions of the collection letter violate the FDCPA.

37. The carefully crafted interest and fees language is the sort of misleading tactic the FDCPA prohibits. The only reason to use such carefully ambiguous language is the expectation that at least some unsophisticated debtors will misunderstand and will choose to pay because they fear the consequences of not doing so.

6

38. As an experienced debt collector, Defendant knew or should have known the ramifications of sending misleading dunning letters.

39. Upon information and belief, Defendant systematically sends dunning letters to consumers in Indiana in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

**WHEREFORE**, Plaintiff, ROBERT E. HOUCK, on behalf of the above proposed classes, respectfully requests that this Honorable Court enter judgment in his favor and in favor of a proposed classes, and against Defendant, as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Enjoin Defendant from further issuing any similar letters to any consumers in the defined class.

c. Award Plaintiff and class members statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. Award Plaintiff and class members costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: January 18, 2019                    Respectfully Submitted,

*Counsel for Plaintiff and the*
*Putative Class Members*

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148

7

8

Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com